# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **KEVAN FLORES, AND EVELYN MUNGIA, as next friend of I.M., Minor Child,** § § § | | |
| *Plaintiffs* § | | |
| § | | |
| v. § | MO:24-CV-00195-DC | |
| § | | |
| **FURNITURE INDUSTRY SERVICE, INC.,** § § | | |
| *Defendant* § | | |

## ORDER

Before the Court is United States Magistrate Judge Ronald C. Griffin's report and recommendation[1] concerning Kevan Flores and Evelyn Mungia's (as next of friend of I.M., a minor child) motion for default judgment against Furniture Industry Services, Inc.[2] Pursuant to 28 U.S.C. § 636(b) and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Griffin issued his report and recommendation on July 10, 2025. As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de

---

[1] ECF No. 68.
[2] ECF No. 64.

novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error.[3]

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge is **ADOPTED**.[4] Flores and Mungia's motion for default judgment is **GRANTED IN PART** and **DENIED IN PART**.[5] Flores and Mungia's motion is **GRANTED** as it relates to their strict liability, negligence via the doctrine of res ipsa loquitur, and breach of warranty of merchantability claims. Their motion is **DENIED** as it relates to their breach of implied warranty of fitness for a particular purpose, misrepresentation, and DTPA violation claims.

It is **SO ORDERED**.

SIGNED this 25th day of July, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[3] *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[4] ECF No. 68.
[5] ECF No. 64.